**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NAKIRI CISERO,
    Plaintiff,

v.

ADT LLC OF DELAWARE,
    Defendant.

Civil Action No.
1:19-cv-04319-SDG

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Catherine M. Salinas [ECF 71], which recommends that Defendant's summary judgment motion [ECF 54] be granted. Plaintiff timely filed objections [ECF 75], to which Defendant responded [ECF 78]. After careful consideration of the record, Plaintiff's objections are **OVERRULED,** and the R&R is **ADOPTED** in its entirety as the order of the Court.

**I.   Background**

The factual and procedural history of this litigation are thoroughly recounted in the R&R and will not be repeated here. In short, Plaintiff Nakiri Cisero worked for Defendant ADT LLC of Delaware (ADT) for approximately nine months before her employment was terminated. Following her termination, Cisero sued ADT for violations of Title VII and Section 1981, asserting causes of action for discrimination and retaliation on the basis of race. Judge Salinas

recommended that ADT's motion for summary judgment be granted because, with regard to both her discrimination and retaliation claims, Cisero failed to make out a *prima facie* case.[1] Even had Cisero established a *prima facie* case, Judge Salinas concluded that summary judgment should still be granted because Cisero had not established pretext to rebut ADT's proffered non-discriminatory and non-retaliatory reasons for its actions.[2]

## II.    Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge,"

---

1   ECF 71, at 18–40.

2   *Id.* at 29, 40–48.

28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III. Discussion

### A. Discrimination Claims

Because Cisero does not object to the portion of the R&R concerning her employment discrimination claims, the Court reviews it for clear error and finds none. Accordingly, the Court adopts the R&R in its entirety with regard to its recommendation that summary judgment be entered in ADT's favor on Cisero's discrimination claims.

### B.     Retaliation Claims

Cisero objects to the R&R's recommendation that her retaliation claims be dismissed.[3] For those claims, Cisero asserts that the R&R incorrectly concluded she had not made out a *prima facie* case.[4] Cisero also contends that she has raised a triable issue on pretext.[5] She does not object to the R&R's recitation of the law on these points. Rather, she claims the magistrate judge erred in the analysis. The Court reviews these objections *de novo*.

Under the framework applied to Section 1981 and Title VII retaliation claims, a plaintiff is first required to make out a *prima facie* case. If she does so, the burden shifts to the employer to provide a legitimate reason for the adverse action. If the employer carries its burden, the duty shifts back to the plaintiff to show the employer's reasons are a pretext for retaliation. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008). To establish a *prima facie* case of retaliation, a plaintiff must show that she engaged in protected activity, suffered a materially adverse action, and that there was a causal relationship between the two. *Id.*

---

[3]   ECF 75, at 1–2.

[4]   *Id.* at 2–3.

[5]   *Id.* at 4.

### 1.    Material Adverse Action

Cisero objects that the R&R did not consider as a material adverse action her allegation that her direct supervisor "stopped giving her leads and no longer accompanied her on visits to customer sites," which could have affected her commission compensation.[6] Cisero also objects to the R&R's conclusion that the final written warning she received on February 23, 2018 (the Final Warning) was not materially adverse.[7]

#### *i.*    Failure to Provide Leads

The R&R concluded that Cisero had abandoned the claim that her supervisor's failure to provide her leads or accompany her to customer sites constituted a material adverse action because Cisero did not discuss it in her response to ADT's motion for summary judgment.[8] Moreover, this contention was not part of Cisero's three EEOC charges.[9] Because Cisero did not present this argument to the EEOC or the magistrate judge, the Court declines to consider it now. *Williams*, 557 F.3d at 1290–92.

---

6    ECF 75, at 5.

7    *Id.* at 5–6.

8    ECF 71, at 33.

9    ECF 1-2; ECF 1-3.

### *ii.* **Final Warning**

Cisero argues that the R&R erred in concluding the Final Warning was not an adverse action.[10] The R&R noted that an adverse employment action is one that would be harmful to the point of dissuading a reasonable worker from making a charge of discrimination, and concluded that the Final Warning was not because (1) it did not in fact dissuade Cisero from filing three EEOC charges and (2) there were no material changes in her employment as a result.[11] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 72–73 (2006). The Court agrees with the R&R's conclusion that the Final Warning was not an adverse employment action.

### 2. **But-For Causation**

In order to make out her *prima facie* case, Cisero also had to show that the protected activity was the "but-for cause" of her termination. *Jerberee Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018). The R&R concluded that, even assuming the Final Warning was an adverse employment action, Cisero could still not make out a *prima facie* case because she did not show a causal connection between her first internal complaint of discrimination and the Final Warning. The R&R reasoned that the temporal proximity of the two events (approximately one

---

[10]   ECF 75, at 6–8.

[11]   ECF 71, at 33–34.

month apart) was insufficient on its own to meet the but-for standard.[12] Further, Cisero could not make out any causal connection between the Final Warning and termination on the one hand, and her protected activity on the other, because "documented behavior and performance issues [ ] were present both before and after" the protected activity.[13]

Cisero objects that close temporal proximity is still "highly relevant" to establishing a causal connection.[14] She also contends that she showed more than just closeness in time between the protected activity and the adverse actions, asserting that a jury could find her protected activity was the but-for cause of the adverse actions.[15]

While temporal proximity may still be relevant, all Cisero relies on to show causation is such proximity.[16] This is simply not enough. Cisero fails to show that she would not have suffered these adverse actions absent her complaints about alleged discrimination. *Duncan v. Alabama*, 734 F. App'x 637, 641 (11th Cir. 2018). Cisero was counseled about her continuing poor performance and bad behavior

---

[12]  ECF 71, at 34–36.

[13]  *Id.* at 35–36.

[14]  ECF 75, at 8–9.

[15]  *Id.* at 9–11.

[16]  *Id.*

both before and after she raised her complaints.[17] These continuing problems break any necessary causal nexus between the adverse actions and her protected conduct. *See, e.g., Hankins v. AirTran Airways, Inc.*, 237 F. App'x 513, 521 (11th Cir. 2007) (failure to meet performance standards broke causal connection between protected activity and employment termination).

### 3. Pretext

Even assuming Cisero could establish a *prima facie* case, the R&R correctly concluded that she failed to show that ADT's proffered reasons for the adverse actions were a pretext for race discrimination.

> The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs and, to be blunt about it, not on reality as it exists outside of the decision maker's head. . . . The question to be resolved is not the wisdom or accuracy of [the employer's] conclusion that [the plaintiff's] performance was unsatisfactory, or whether the decision to fire her was prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivated the decision.

*Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (cleaned up) (citations omitted).

Cisero argues that the R&R erred in concluding she had not shown pretext with regard to ADT's proffered reasons for issuing the Final Warning and

---

[17] ECF 71, at 34–35.

terminating her employment.[18] First, she contends that the Final Warning did not follow ADT's progressive discipline system.[19] Second, Cisero asserts that her termination was pretexual because the matters addressed in the Final Warning were known to ADT before she engaged in protected activity.[20] Finally, Cisero contends that ADT has put forward "[s]hifting explanations" for the adverse actions, which are evidence of pretext.[21]

### *i.* **The Progressive Discipline System**

Cisero asserts that she never received any written warning or discipline before the Final Warning was issued, violating ADT's progressive discipline policy.[22] But Cisero's characterization is misleading.

It is undisputed that Cisero was counseled about her performance and behavior problems before the Final Warning was issued and before she engaged in protected conduct.[23] An HR manager spoke with Cisero about customer complaints in early January 2018, and noted several behavioral problems Cisero

---

[18] ECF 75, at 11–15.

[19] *Id.* at 12–13.

[20] *Id.* at 13–14.

[21] *Id.* at 14–15.

[22] *Id.* at 12.

[23] ECF 71, at 34.

exhibited (*e.g.*, aggressiveness, inability to work well with others).[24] Those problems were documented in a summary report prepared by the HR manager, although this report was not provided to Cisero.[25] The problems continued throughout Cisero's employment, including failure to follow instructions from management, failure to improve her communications with management, lack of professionalism, argumentative behavior, and negative interactions with customers and coworkers.[26]

ADT also presented testimony that its progressive discipline policy applies only to performance issues, not the type of behavioral issues demonstrated by Cisero.[27] Given Cisero's performance *and* behavioral problems, as well as the internal and external complaints about her, Cisero's supervisor felt he needed to address the situation quickly and issued the Final Warning.[28]

The R&R concluded that Cisero had not put forward any evidence contradicting ADT's testimony and had not shown pretext. The Court agrees. Even in her objections, Cisero suggests only that the R&R drew inferences from the

---

[24] *Id.* at 34–35.

[25] *Id.*

[26] *Id.* at 40–41.

[27] *Id.* at 44.

[28] *Id. See generally id.* at 44–45.

evidence that were not in her favor. But it was Cisero's burden to show that ADT's reasons were pretextual. She has not put forward any evidence that ADT's proffered reasons were false or that the real reason for its actions was retaliation.

### ii. Delay

Cisero further argues that the delay in issuing the Final Warning shows pretext because the issues it addressed were matters known to ADT long before her complaints about race discrimination, creating an inference that the written warning was issued because of her protected activity.[29] As the R&R correctly notes, however, Cisero's contention of a long "delay" is not consistent with the record.[30]

What's more, Cisero has not put forward any reasonable argument suggesting that the numerous issues identified in the Final Warning were not ADT's reasons for issuing the warning.[31] That is, Cisero argues only that the delay itself is indicative of pretext because she was written up for problems that she contends had been considered minor until she engaged in protected activity.[32] But the record shows that ADT had (1) evidence of and documentation for Cisero's

---

29  ECF 75, at 12–14.

30  ECF 71, at 45.

31  ECF 75, at 12–14.

32  *Id.* at 13–14.

ongoing problems (both performance-related and behavioral) throughout her employment and (2) a legitimate belief that those problems ultimately warranted her termination.[33] *Landry v. Lincare, Inc.*, 579 F. App'x 734, 738 (11th Cir. 2014) (per curiam) ("A reason cannot be 'a pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'") (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515 (1993)).

### *iii.* **Shifting Explanations for Cisero's Termination**

Finally, Cisero contends that ADT's purportedly changing grounds for terminating her employment shows pretext. She argues that ADT initially claimed her employment was terminated because of a failure to follow sales processes, but now claims it was because there were continued complaints about Cisero and issues with her customers.[34] Cisero argues that, under *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189 (11th Cir. 2004), "[s]hifting explanations for an adverse employment action serve as evidence of pretext."[35] Cisero misapplies that case.

In *Cleveland*, the Court of Appeals reversed the trial court's post-trial entry of judgment as a matter of law in favor of the employer. At the trial, the supervisor

---

33  ECF 71, at 42–43.

34  ECF 75, at 14.

35  *Id.*

who made the decision to terminate the plaintiff's employment gave conflicting testimony about his reasons for the decision. The court concluded that the shifting testimony allowed the jury to question the supervisor's credibility, permitting an inference of pretext. The evidence here does not support a finding that ADT's reasons shifted, and certainly not in the manner presented in *Cleveland*.

The Final Warning documented a continuing pattern of problems with Cisero's work performance and behavior.[36] And despite that warning, Cisero's problems continued and were documented by supervisors.[37] Cisero was ultimately terminated for "among other things, failing to follow sales processes, failing to improve her communications with management, missing meetings, skipping steps, and submitting jobs multiple times without approval."[38] Those reasons are the ones ADT consistently put forward as the basis for Cisero's termination. The evidence shows that ADT's reasons for terminating Cisero were based in good faith, and Cisero has not satisfied her burden of showing that such reasons were pretextual. *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1150 n.25 (11th Cir. 2020).

---

[36] ECF 71, at 12–13.

[37] *Id.* at 14–15, 40–41.

[38] *Id.*

## IV. Conclusion

Plaintiff's objections [ECF 75] are **OVERRULED**. The Court **ADOPTS** Judge Salinas's R&R [ECF 71] in its entirety as the Order of this Court and **GRANTS** ADT's motion for summary judgment. The Clerk is **DIRECTED** to enter judgment in favor of ADT and **CLOSE** this case.

**SO ORDERED** this the 30th day of September 2021.

Steven D. Grimberg
United States District Court Judge